UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVON POGOSIAN,<br><br>       Petitioner,<br><br>  v.<br><br>ERNESTO SANTACRUZ, JR., et al.,<br><br>       Respondents. | Case No. 5:26-cv-00540-SRM--E<br><br>**ORDER DENYING WITHOUT PREJUDICE PETIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [2]** |

**I. INTRODUCTION**

Before the Court is Petitioner Levon Pogosian's ("Petitioner") Ex Parte Application for Temporary Restraining Order ("TRO") filed on February 6, 2026. *See* Dkt. 2. The Court ordered a briefing schedule on the TRO which allowed Respondents to file any opposition by February 8, 2026. Dk. 5. Respondents Ernesto Santacruz, Jr., Todd M. Lyons, Kristi Noem, and Pamela Bondi (collectively, "Respondents") filed an untimely opposition on February 10, 2026. Dkt. 9. For the reasons stated below, Respondent's untimely opposition is stricken, and Petitioner's *Ex Parte* Application is **DENIED WITHOUT PREJUDICE**.

## II. BACKGROUND

The following factual allegations are derived from the unverified Petition for Writ of Habeas Corpus ("Habeas Petition"). Dkt. 1. Petitioner is a citizen of Russia. Dkt. 1 at 2. He entered the United States on November 13, 2023, at Calexico, California after using CBP One. Dkt. 1 at 10. He was apprehended and processed by Customs and Border Patrol ("CBP"). *Id*. He was subsequently released into the United States pending his immigration proceedings with a "DT" status.[1] *Id*.

On September 12, 2024, within a year of entry, Petitioner filed his I-589, Application for Asylum and Withholding of Removal and Protection under the Convention Against Torture ("CAT"). Dkt. 1 at 10. On October 1, 2025, Petitioner was arrested by the Burbank Police Department following a domestic disturbance call. *Id.* at 11. The Burbank City Attorney's Office has declined to prosecute the incident. *Id.*; *see also* Dkt. 1-1. Petitioner was released the following day, on October 2, 2025, and was immediately detained by Immigration and Customs Enforcement ("ICE"). Dkt. 1 at 2. He was transferred to Adelanto Detention Facility, where he remains detained. *Id*. On January 20, 2026, an immigration judge ordered Petitioner removed from the United States. Dkt. 1 at 2. On January 23, 2026, Petitioner appealed his removal order to the Board of Immigration Appeals ("BIA"). *Id*.; *see also* Dkt. 1-1 at 30.

On February 6, 2026, Petitioner filed a Habeas Petition. Dkt. 1. Petitioner alleges his detention violates his rights to due process. *Id*. at 12–13. After filing his habeas petition, Petitioner filed the instant TRO arguing that he is likely to succeed on the merits of the claims within the Habeas Petition, that he will continue to suffer serious and irreparable injury if the TRO is denied, and that the balance of equities and public interest weigh in his favor. Dkt. 2-1. He argues his continued detention violates his rights to due process under the Fifth Amendment. *Id.* at 7–15. Petitioner requests the Court immediately release him

---

[1] The Habeas Petition contains no explanation of the significance or meaning of "DT Status."

from Respondents' custody and enjoin Respondents from re-detaining him absent further order of this Court. *Id.* at 17. Alternatively, Petitioner requests to be "immediately released from Respondents' custody unless Respondents provide a prompt hearing before a neutral decisionmaker at which they bear the burden of demonstrating, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that continued detention is necessary[.]" Dkt. 2-1 at 17. Lastly, Petitioner requests the Court preserve jurisdiction by prohibiting Respondents from transferring him outside the Central District of California or removing him outside the United States during the pendency of his habeas petition. *Id*. Respondents did not file a timely opposition, and this matter was deemed submitted on February 8, 2026. Dkt. 5.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 65(b) governs temporary restraining orders ("TRO"). A TRO is an extraordinary remedy meant to preserve the *status quo* and to prevent irreparable harm "just so long as is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

The standard for issuing a TRO and preliminary injunction is the same. *See Xuyue Zhang v. Barr*, 612 F. Supp. 3d 1005, 1012 (C.D. Cal. 2020) (citing *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)). To obtain a TRO, the movant must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The final two factors merge when a TRO is sought against the government, as is true here. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

In cases where there may be a strong showing on the balance of hardships but a weaker showing on the likelihood of success, a movant may still obtain a TRO under the Ninth Circuit's sliding-scale approach. *Where Do We Go Berkeley v. Cal. Dep't of*

*Transp.*, 32 F.4th 852, 859 (9th Cir. 2022). Under this sliding-scale approach, a movant may obtain a TRO if he can show (1) there are serious questions going to the merits, (2) there is a likelihood of irreparable injury, (3) the balance of hardships tips sharply towards the movant, (4) and the injunction is in the public's interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). "'Serious questions' are ones 'that "cannot be resolved one way or the other at the hearing on the injunction because they require more deliberative investigation."'" *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1192 (9th Cir. 2024) (quoting *Manrique v. Kolc*, 65 F.4th 1037, 1041 (9th Cir. 2023)). "They 'need not promise a certainty of success, nor even present a probability of success, but must involve a "fair chance of success on the merits."'" *Id.* (quoting *Republic of the Phil. v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988)). Even under this sliding-scale approach, a movant must still "make a showing on all four prongs." *Cottrell*, 632 F.3d at 1135.

    The movant carries the burden of persuasion and must make a clear showing of entitlement to the requested relief. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). Given the exigent nature of a TRO, a movant can rely on allegations in a verified complaint, exhibits, declarations, or affidavits, even if inadmissible under the Federal Rules of Evidence. *See Thalheimer v. City of San Diego*, 645 F.3d 1109, 1116 (9th Cir. 2011) ("A verified complaint may be treated as an affidavit, and, as such, it is evidence that may support injunctive relief."), *overruled on other grounds by Board of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (en banc); *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 ("The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial."); *K-2 Ski Co. v. Head Ski Co.*, 467 F.2d 1087, 1088 (9th Cir. 1972) ("A verified complaint or supporting affidavits may afford the basis for a preliminary injunction."). Unverified allegations in the pleadings and unsupported and conclusory statements are not enough to prevail on a motion for a TRO. *See Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013) (reversing district court's

order granting preliminary injunction where it relied on unsupported and conclusory statements); *Greenberg v. Guzman*, No. CV 14-00866, 2014 WL 12569551, at *2 (C.D. Cal. July 28, 2014) ("A motion for preliminary injunction must be supported by '[e]vidence that goes beyond the unverified allegations of the pleadings.'") (quoting 9 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2949 (2011)).

## IV. DISCUSSION

Petitioner has not shown he is entitled to temporary injunctive relief. In support of the TRO, Petitioner relies on unverified allegations in the habeas petition, his counsel's declaration, and the attached exhibits. *See* Dkt. 2 at 2. However, in deciding whether to grant a TRO, while the Court may rely upon the "complaint, exhibits, declarations, or affidavits" in a *verified* petition, it cannot consider the Petition's unverified factual allegations. *See* discussion *supra* Section III. Moreover, 28 U.S.C § 2242 requires that an application for a writ of habeas corpus be in writing and verified by either the person who is seeking relief or someone acting on their behalf. *See also* C.D. Cal. R. 83-16.2 (stating that a Habeas Petition verified by someone other than the individual in custody must "set forth the reason why it has not been verified by the person in custody" and "shall only allege facts personally known to that person.").

Here, the declaration and exhibits are not sufficient to demonstrate that Petitioner is entitled to temporary injunctive relief—namely, that he is likely to succeed, or has a fair chance of success, on the merits of his claims. The declaration from Petitioner's counsel states the following facts:

- Petitioner was taken into ICE custody on October 2, 2025, after his detention by the Burbank Police Department the previous day for an alleged misdemeanor. This charge was declined by the Burbank City Attorney's Office.
- Petitioner is in ICE custody and has been held for approximately four months.
- On January 20, 2026, Petitioner was issued an Order of Removal by the Adelanto Immigration Court. Petitioner appealed on January 23, 2026.

*See* Dkt. 1-1 at 3–4. Petitioner additionally submits a copy of the Burbank Police Department Report from October 1, 2025, *see* Dkt. 1-1 at 6, the declination to pursue criminal charges by the Burbank City Attorney's Office, Dkt. 1-1 at 18, two witness statements relating to the October 1, 2025, incident, Dkt. 1-1 at 19–27. Lastly, Petitioner includes the Automated Case Information showing his name, his alien number, docket date, decision of removal on January 20, 2026, and information regarding the pending BIA appeal. *See* Dkt. 1-1 at 29–31.

Although the Court can consider the declaration and exhibits in deciding the *Ex Parte* Application, the relevant factual inquiry is whether Petitioner was provided notice or an opportunity to be heard when his own recognizance status was revoked. Here, the facts in the Petition are not verified, there is no statement addressing 28 U.S.C § 2242 or C.D. Cal. R. 83-16.2, and the facts in the exhibits and declaration do not inform this inquiry. Without more, there is insufficient information from which the court can reasonably rely in considering the *Ex Parte* Application. Accordingly, Petitioner has not met his burden of showing he is entitled to temporary injunctive relief. *See Chavez v. Becerra*, No. 1:25-cv-02058, 2026 WL 91757, at *2 (E.D. Cal. Jan. 13, 2026) (denying *ex parte* application for a temporary restraining order where the petition's allegations were unverified).

Respondents request the Court to exercise its discretion and consider their Response. *See* Dkt. 9 at 2. "District Courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998); *see also* C.D. Cal. R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by the order or local rule."). Respondents were notified of this TRO on February 6, 2026. Respondents filed their response two days late. The Court declines to consider this Response and **STIKES** it for being untimely.

///

///

## V. CONCLUSION

For the above reasons, Petitioner's *Ex Parte* Application is **DENIED WITHOUT PREJUDICE**. Respondents' untimely Response to the *Ex Parte* Application is **STRICKEN**.

**IT IS SO ORDERED.**

Dated: February 11, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE