UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LEVON POGOSIAN,

                    Petitioner,

      v.

ERNESTO SANTACRUZ, JR., et al.,

                    Respondents.

Case No. 5:26-cv-00540-SRM-E

**ORDER DENYING *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER [12] AND SETTING PRELIMINARY INJUNCTION HEARING**

## I.    INTRODUCTION

Before the Court is Petitioner Levon Pogosian's ("Petitioner") second *ex parte* application for a temporary restraining order. Dkt. 12. Respondents Ernesto Santacruz, Jr., Todd M. Lyons, Kristi Noem, and Pamela Bondi (collectively, "Respondents") oppose the *ex parte* application. Dkt. 15. The Court has considered the parties' arguments, relevant legal authority, and record in this case. The *ex parte* application is **DENIED**.

## II.    BACKGROUND

The following facts are derived from the declarations and exhibits attached to Petitioner's second *ex parte* application. Petitioner was born in the Russian Federation in 1979. Dkt. 12-2 at 6. He entered the United States in November 2023 through the Calexico Port of Entry after registering through the CBP One mobile application, *see* Dkt. 12-2 at 3,

-1-

6, and "was classified at the border as an 'arriving alien,'" *Id.* at 7; *see also id.* at 14 (Notice to Appear identifying Petitioner as "an arriving alien"). Immigration authorities placed Petitioner into removal proceedings and released him for some unknown reason pending removal. *Id.* at 6. As a condition of his release, Petitioner was required to appear at all scheduled immigration hearings, to which he faithfully complied. *Id.*

On the evening of October 1, 2025, Petitioner was at home with his wife and friend. *Id.* According to Petitioner, a plate broke accidentally that caused his wife to scream in fright. *Id.* One of his neighbors heard the commotion and called the police. *Id.* When the officers arrived at his home, they noted that there no signs of domestic violence but nevertheless detained Petitioner because he was intoxicated. *Id.* Petitioner attests that the Burbank City Attorney's Office declined to bring charges against him. *Id.* at 6–7.

The following morning, Petitioner was released from police custody but was detained by Immigration and Customs Enforcement just outside the police station. *Id.* at 7. ICE did not give Petitioner written or oral notice that his release was being revoked, they did not provide him with a pre-deprivation hearing, and they have not provided him with a post-deprivation hearing since he has been detained. *Id.* On January 20, 2026, an immigration judge ordered Petitioner removed from the United States. *Id.* Petitioner filed an appeal three days later, which is currently pending. *Id.* As of today, Petitioner remains in immigration custody without any hearing regarding the revocation of his release or the legality of his continued detention. *Id.* at 8. On February 6, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, claiming that the revocation of his release violates his substantive and procedural due process rights under the Fifth Amendment. *See* Dkt. 1 at 12–13.

On February 27, 2026, Petitioner filed this *ex parte* application for a temporary restraining order. *See* Dkt. 12. In the Notice, Petitioner's counsel states the following:

> Pursuant to Civil L.R. 65-1(a)(5)[1], and as detailed further in the Declaration of Muhammad Asfandyar, Counsel for Petitioner emailed a copy of the filed petition to Counsel for Respondents and advised that a Motion for TRO would be forthcoming. Petitioner also mailed Counsel for Respondents a copy of the Memorandum of Points and Authorities shortly before filing it.
> As of this filing, Respondents have not stipulated to a TRO.

Dkt. 12 at 3. Nowhere in Petitioner's counsel's declaration, however, does he detail any efforts to notify Respondents of this *ex parte* application. *See id.* at 3–4. Later that day, the Court ordered briefing on this matter and directed Petitioner's counsel to notify Respondents of that order and to file proof of service no later than February 28, 2026, at 12:00 p.m. As of today, Petitioner's counsel has not filed that proof of service. Respondents nevertheless filed an opposition to the *ex parte* application. *See* Dkt. 15 at 14. Petitioner filed a reply. *See* Dkt. 16.

The *ex parte* application is fully briefed and ready for decision.

## III. DISCUSSION

As a threshold matter, the Court first addresses Respondents' arguments that the *ex parte* application is procedurally deficient. The Court need only address Respondents' first argument that the *ex parte* application should be denied because they were not given proper notice under Local Rule 7-19.1.

Local Rule 7-19.1 provides the following:

> It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.

---

[1] Petitioner claims he provided notice under Local Rule 65-1(a)(5), but this Court's Local Rules do not contain a Local Rule 65-1(a)(5).

This local rule requires "oral notice to ensure that [Respondents] have actual notice of emergency motions against them, and an opportunity to respond." *Fin. Indus. Regul. Auth., Inc. v. Training Consultants, LLC*, No. SACV 12-1385, 2012 WL 13020027, at *1 (C.D. Cal. Aug. 28, 2017). A court may waive the notice requirement if she "finds that the interest of justice requires that the ex parte application be heard without notice (which in the instances of a TRO means that the requisite showing under F.R.Civ.P. 65(b) has been made)." C.D. Cal. R. 7-19.2. Under Federal Rule of Civil Procedure 65(b), notice is not required only if Petitioner's attorney provides "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B).

Here, Petitioner's counsel did not properly notify Respondents about this *ex parte* application. First, there is no evidence Petitioner's counsel made a good-faith effort to *orally* advise Respondents' counsel of the then-impending *ex parte* application. According to Petitioner's counsel, he only emailed a copy of the Petition for Writ of Habeas Corpus to Respondents, "advised that a Motion for TRO would be forthcoming" and mailed them a copy of the of the *ex parte* application. Dkt. 12 at 3. Notably, Petitioner's counsel concedes he made no effort to give oral notice to Respondents' counsel. *See* Dkt. 4–5. Second, even if he gave oral notice, there is no evidence that Petitioner's counsel apprised Respondents of the date he intended to file the *ex parte* application apart from vaguely stating that it would be "forthcoming." *See* Dkt. 12 at 3. Finally, Petitioner's counsel did not make any of these representations under oath.

Nor does the Court find it appropriate to waive the notice requirement because Petitioner's counsel failed to provide an affidavit or declaration that shows there is going to be immediate or irreparable injury to Petitioner and failed to offer a certification explaining why notice should not be required.

## IV.   CONCLUSION

For the above reasons, the second *ex parte* application is **DENIED.** Considering this matter is fully briefed, the Court sets a preliminary injunction hearing for April 29, 2026, at 1:30 p.m. in Courtroom 5D at the First Street United States Courthouse.

**IT IS SO ORDERED.**

Dated: April 17, 2026

_____
HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE